**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4601**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ERVIN CALVIN CRAWFORD, a/k/a Early Crawford,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00317-NCT-1)

Submitted:  January 29, 2009          Decided:  February 17, 2009

Before MICHAEL and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ervin Calvin Crawford pled guilty pursuant to a written plea agreement to possession with intent to distribute 4.2 grams of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The conditional plea preserved Crawford's right to appeal the district court's denial of his motion to suppress. Fed. R. Crim. P. 11(a)(2). He was sentenced to 210 months in prison. Counsel for Crawford filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in denying the motion to suppress. Crawford was notified of his right to file a supplemental pro se brief but has not done so. The Government has declined to file a reply brief. Finding no reversible error, we affirm.

This court reviews the factual findings underlying a motion to suppress for clear error, and the legal determinations de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007). When evaluating the denial of a suppression motion, we review the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). There must be "at least a minimal level of objective justification for making [a Terry] stop." Wardlow, 528 U.S. at 123. Reasonable suspicion requires more than a hunch but less than probable cause, and may be based on the collective knowledge of officers involved in an investigation. Id. at 123-24; United States v. Hensley, 469 U.S. 221, 232 (1985).

Courts assess the legality of police conduct during a Terry stop under the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989). An officer conducting a lawful Terry stop may take steps reasonably necessary to protect his personal safety and to maintain the status quo during the course of the stop. Maryland v. Wilson, 519 U.S. 408, 413-15 (1997); Hensley, 469 U.S. at 235.

With these standards in mind, and having reviewed the transcript of the suppression hearing, we conclude the district court did not err in denying the motion to suppress. We agree with the district court that the police lawfully stopped the vehicle based on the tip from the confidential informant and the officer's observation of a vehicle matching the description in

3

the tip.  See Adams v. Williams, 407 U.S. 143, 146-49 (1972) (finding officer possessed reasonable suspicion to stop person in vehicle based upon informant's tip).  Moreover, the officers were permitted to frisk Crawford as they were legitimately concerned for their safety. See United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998).  Once the officers found a firearm in Crawford's possession, the discovery of the heroin in Crawford's pocket pursuant to a lawful search incident to arrest became inevitable.  Thus, the heroin found in Crawford's back pocket was admissible.  See Nix v. Williams, 467 U.S. 431 (1984); United States v. Allen, 159 F.3d 832, 838-39 (4th Cir. 1998).  Therefore, we conclude the district court did not err in denying the motion to suppress the evidence of the firearm, drugs and Crawford's statements.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Crawford, in writing, of the right to petition the Supreme Court of the United States for further review. If Crawford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Crawford.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>